**IMG-230**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-2426

_____

JOHN NASIR, a/k/a Nasir Mehmoud Qureshi,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-086-455)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 9, 2010
Before:   MCKEE, Chief Judge, HARDIMAN AND COWEN, Circuit Judges

(Opinion filed: October 19, 2010)

_____

OPINION

_____

PER CURIAM

        John Nasir petitions for review of the Board of Immigration Appeals' ("BIA")

final order affirming the Immigration Judge's ("IJ") denial of Nasir's application for

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). For the reasons that follow, we will deny the petition for review.

I.

Nasir, a 35-year-old native and citizen of India, entered the United States in June 2008 and was placed in removal proceedings for not possessing a valid travel document at admission. Nasir conceded removability and applied for asylum, withholding of removal, and relief under the CAT. In a hearing before the IJ, Nasir testified that following his conversion from Islam to Christianity, he had been harassed and threatened. He testified that his godfather and business associate, a man who had also converted to Christianity, was murdered in June 2006 on account of his conversion. Nasir testified that he feared returning to India because the Indian government fails to protect Christian converts who are attacked by Muslims.

The IJ determined that the threatening incidents experienced by Nasir — an armed man breaking into his family's house in 2006 and a stranger grabbing his arm and yelling "murtad" in 2007 — were insufficient to rise to the level of past persecution or to ground an objectively well-founded fear of future persecution based on religion. The IJ further found that Nasir's claim of fear of future persecution was undermined by the fact that, after traveling to the United States for three months, Nasir returned to live in India from May 2007 to June 2008 without experiencing any serious harm. Furthermore, Nasir testified that the reason that he traveled to the United States for a second time in June

2

2008 was in order to join a mission in Colorado, not to flee active harassment. After finding there was no evidence in the record to support Nasir's fear that he would be killed for converting, the IJ denied Nasir's applications for relief and ordered him excluded. Nasir appealed, submitting additional background reports with his appellate brief to the BIA. In an order dated April 15, 2009, the BIA denied Nasir's appeal, agreeing with the IJ's reasoning. The BIA additionally observed that Nasir could avoid the violence by moving to parts of India where Christians are not in danger. Treating the additional background materials as a motion to remand, see 8 C.F.R. § 1003.2(c)(4), the BIA declined to restart the proceedings, concluding that "the background evidence submitted does not show that the Indian government or individuals that the government is unable or unwilling to control currently persecute Indian citizens who convert to Christianity even in the Kashmir region." (See BIA Dec. at 2.) Nasir filed a timely petition for review.

## II.

We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a). Where "the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). Our review is for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005). Under this deferential standard of review, we must uphold the agency's findings "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-

3

84 (3d Cir. 2001). We review the denial of a motion to reopen or remand for abuse of discretion. See Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009).

Substantial evidence supports the BIA's and IJ's decisions. Nasir argues that the IJ and BIA failed to consider his testimony "within the larger context of persecution" against Christians in India based on the Department of State's Country Conditions Report.[1] (See Pet. Br. at 11.) The record does not support this argument. See, e.g., A.R. 290 (the IJ expressly considering the country conditions). As for the evidence that Nasir submitted to the BIA along with his appeal, see A.R. 20, 140-233, we agree with the BIA that the submitted evidence "does not show that the Indian government or individuals that the government is unable or unwilling to control currently persecute Indian citizens who convert to Christianity even in the Kashmir region." (See BIA Dec. at 2.) Accordingly, we find that the BIA did not abuse its discretion in denying a remand to the IJ to consider the newly submitted evidence.

Substantial evidence supports the conclusion that the harm suffered by Nasir does not constitute past persecution. Threats constitute past persecution "in only a small category of cases, and only when the threats are so menacing as to cause significant actual

---

[1]In support of his claim, Nasir cites the 2009 Annual Report prepared by the United States Commission on International Religious Freedom. (See Pet. Br. at 13.) We note that this evidence was not submitted to the IJ or to the BIA, as it is not contained in the Administrative Record; thus the IJ and the BIA could not have erred for failing to take it into consideration. See 8 U.S.C. § 1252(b)(4)(A) (limiting review to the administrative record).

'suffering or harm..'" Li v. Att'y Gen. of the U.S., 400 F.3d 157, 164 (3d Cir. 2005) (quoting Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000)).  The threats in this case — showing up at Nasir's house while he was not present — were never acted upon and did not cause Nasir any physical injury.  The incident in which a man grabbed Nasir's arm and yelled "murtad" at him also does not rise to the level of persecution.

Additionally, substantial evidence supports the BIA's determination that Nasir did not establish that he had a well-founded fear of future persecution if he returned to India.  While he testified that anyone who leaves Islam and converts to Christianity is punished by death, he provided no evidence to support that contention.  As the IJ emphasized, the 2006 Country Report states that 2.3 percent of India's population is Christian and that the government generally respects the constitution's provision for freedom of religion.  (See A.R. 290, 384-85.)[2]

For the above reasons, we will deny the petition for review.

---

[2]Because Nasir has not established his eligibility for asylum, he cannot satisfy the higher burden of proof for withholding or removal.  See Shehu v. Att'y Gen., 482 F.3d 652, 657-58 (3d Cir. 2007).  Nor is Nasir eligible for relief under CAT, as he failed to show that he would likely be tortured if removed to China.  See 8 C.F.R. § 208.16(c)(2).